**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**QUICK RESPONSE COMMERCIAL DIVISION, LLC,** as assignee of BBL Construction Services, LLC,

     **Plaintiff,**     1:09-cv-00651
               (GLS\RFT)

    v.

**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,**

     **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Office of Noelle M. Long<br>PO Box 824<br>Clifton Park, NY 12065 | NOELLE M. LONG, ESQ. |
| **FOR THE DEFENDANT:** | |
| Lazare, Potter Law Firm<br>950 Third Avenue<br>15th Floor<br>New York, NY 10022 | YALE H. GLAZER, ESQ. |

**Gary L. Sharpe**
**U.S. District Judge**

# **MEMORANDUM-DECISION AND ORDER**

## **I. Introduction**

Pending is defendant Travelers Property Casualty Company of America's (Travelers) motion to dismiss plaintiff Quick Response Commercial Division, LLC's (Quick Response) (1) second cause of action based on the covenant of good faith and fair dealing and (2) claims seeking the reimbursement of attorney's fees or non-statutory interest. For the reasons that follow, the motion is denied in its entirety.

## **II. Background**[1]

BBL Construction Services, LLC (BBL) was insured under a builder's risk insurance policy issued by Travelers. (Am. Compl. at ¶ 7, Dkt. No. 7.) After sustaining what Travelers deemed a "covered loss" to the insured premises, BBL hired Quick Response to inspect and repair the damage. (*Id.* at ¶¶ 8-10, 14-16.) The contract between BBL and Quick Response provided that 18% interest would be assessed against BBL on unpaid invoices, and that BBL would be responsible for attorney's fees expended

---

[1]This action was removed to this court pursuant to 28 U.S.C. § 1441(a) based on this court's diversity jurisdiction under 28 U.S.C.§ 1332(a)(1). (See Dkt. No.1.) Accordingly, the court will apply federal procedural law and New York State substantive law to the claims before it. *See Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996); *see also Hanna v. Plumer*, 380 U.S. 460, 473-74 (1965); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *McCarthy v. Olin Corp.*, 119 F.3d 148, 153 (2d Cir. 1997).

in pursuing the payment of invoices.  (*Id.* at ¶ 22.)

Quick Response completed the work and submitted invoices to BBL and Travelers.  (*Id.* at ¶ 20.)  After several months of not receiving payment on the invoice, BBL assigned its rights under the Travelers policy to Quick Response.  (*See id.* at ¶¶ 20-24; *see also* Pl.'s Mem. of Law at 1, Dkt. No. 11:6.)  Quick Response then commenced this action against Travelers, alleging (1) breach of contract for failure to cover the cost of repairs, and (2) breach of the implied covenant of good faith and fair dealing for failure to "fairly, timely, and accurately adjust BBL's claim following the Loss." (*See* Compl. at ¶¶ 30, 35, Dkt. No. 1:3; Am. Compl. at ¶¶ 31, 36, Dkt. No. 7.)  Quick Response seeks recovery of the amount owed on the invoice, the 18% interest accruing on that amount under the BBL-Quick Response contract, and any attorney's fees and costs associated with litigating the matter.[2]  (*See* Compl. at ¶¶ 32, 41; *see also* Am. Compl. at ¶¶ 33, 42.)

Travelers now moves to dismiss Quick Response's claim for breach of the covenant of good faith and fair dealing, and any claims seeking non-

---

[2]After commencement of the action, Travelers made partial payment of the invoice ($260,356.59), but refused to pay the full amount, deeming it excessive. (*See* Am. Compl. at ¶ 23, Dkt. No. 7; Def.'s Mem. of Law at 4, Dkt. No. 5:4.)  Quick Response then amended its complaint to reflect the new balance owed ($383,824.82), and maintained its claims for interest, and attorney's fees and costs.  (*See* Am. Compl. at ¶¶ 33, 42.)

3

statutory interest and attorney's fees.[3]  (*See* Dkt. No. 5.)

### III.  Discussion

**A.     Motion to Dismiss Standard**

The standard for judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) is well-established, and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its previous opinion in *Dixon v. Albany County Bd. of Elections*, No. 1:08-CV-502, 2008 WL 4238708, at *2 (N.D.N.Y. Sept. 8, 2008).

**B.     Covenant of Good Faith and Fair Dealing**

Travelers first argues that Quick Response's claim for breach of the covenant of good faith and fair dealing should be dismissed as duplicative of its breach of contract claim.  The motion as to this issue is denied.  Although Quick Response's claims may ultimately prove to be duplicative, resolution of the issue at this preliminary stage of the litigation would be premature.  Specifically, with only limited facts at its disposal, the court is unable to meaningfully discern from the pleadings whether the claims are

---

[3]Travelers initially moved to also dismiss all claims against "Traveler's Companies, Inc.," the title under which Quick Response erroneously sued Travelers.  (*See* Def.'s Mem. of Law at 5-7, Dkt. No. 5:4.)  Quick Response rectified the error in its amended complaint, and Travelers withdrew its request for dismissal as to that issue.  (*See* Am. Cmpl., Dkt. No. 7; Def.'s 2d Mem. of Law at 1, Dkt. No. 13.)

factually distinct.  Accordingly, Travelers' motion on this ground is denied with leave to renew upon a more developed record.

## C. Attorney's Fees and Non-Statutory Interest

Travelers next argues that Quick Response is barred from recovering attorney's fees and non-statutory interest.  The motion as to this issue is also denied.  Quick Response is permitted under New York law to seek consequential damages in its breach of contract action against Travelers.[4] *See Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187 (2008); *Panasia Estates, Inc. v. Hudson Ins. Co.*, 10 N.Y.3d 200 (2008). Therefore, since Quick Response has adequately pled its claim for consequential damages to include past and accruing interest, and attorney's fees and costs,[5] (*See* Am. Compl. at ¶ 40, Dkt. No. 7.), it cannot be barred from seeking them.  Accordingly, Travelers' motion on this ground is also denied.

---

[4]The fact that Quick Response is seeking recovery as assignee under the BBL insurance policy does not affect its right to seek consequential damages.  Had BBL retained its rights under the policy, it could have sought the same damages.  Quick Response is therefore asserting no greater rights than BBL could have.

[5]Travelers argues that Quick Response failed to plead consequential damages by not alleging that the damages were foreseeable.  However, although Quick Response will ultimately need to make a showing of foreseeability to recover the damages, such a showing is not necessary at the pleading stage.  *See, e.g.*, *Chernish v. Mass. Mut. Life Ins. Co.*, No. 5:08-CV-0957, 2009 WL 385418, at *4 (N.D.N.Y. Feb. 10, 2009) (pleading sufficient without allegations of foreseeability).

5

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Travelers' motion to dismiss (Dkt. No. 5) Quick Response's second cause of action is **DENIED** with leave to renew; and it is further

**ORDERED** that Travelers' motion to dismiss Quick Response's claims for attorney's fees and non-statutory interest is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

October 14, 2009
Albany, New York

*[signature]*
United States District Court Judge